# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA
**Davenport Division**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Andre Davis, | ) |
| | ) Case No. |
| | ) |
| Debtor(s). | ) |
| | ) |

### CHAPTER 13 PLAN

1. **Payments to Trustee**: The future earnings of the debtor(s) are submitted to the supervision and control of the Court and the debtor(s) shall pay to the Trustee the sum of $ 275.00 per month, plus Federal and State tax refunds for the term of the Plan.

2. **Commencement of Payment**: The debtor's first payment shall be due no later than 30 days after the filing of the Petition.

3. **Plan Length**: This Plan is estimated to be for **36 months**.

4. From the payments so received, the Trustee shall make disbursements as follows:

   a. Priority and Administrative claims under 11 U.S.C. §507 to be paid concurrently and pro rata with secured claim holders:

   Iowa Dept of Revenue to be paid $821.00 or 100% as a priority for taxes.

   i. The Trustee's fees and expenses as determined by the Attorney General pursuant to 28 U.S.C. § 586, to be paid as an administrative claim;

   ii. Attorney's fees to be paid as an administrative priority by the Trustee pursuant to an approved fee application.

   b. Secured Claims to be valued under 11 U.S.C. §1325(a)(9) that will not extend beyond the term of the Plan:

   i. **Ripple Fernell** to return possession of the 2006 Chevy Venture and be paid $3640.00 plus interest at 5.25% for a total of $4146.00.

   Everetts Body Shop and Auto Sales to be paid $1700.00 plus interest at 5.25% for a total of $1936.00 secured by a 1997 Pontiac Grand Am.

    c. Secured Claims to be valued under 11 U.S.C. §506(a) that will not extend beyond the term of the Plan:

        i. **Brady Furniture** to be paid $900.00 plus interest at 5.25% for a total of $1025.00.

    d. Secured Claims that will extend beyond the term of the Plan, with the Trustee curing any defaults and the balance of the claim to be paid directly by the debtor(s) according the terms of the loan agreement:

        i. _____ to be paid 100% of its claim for arrears (estimated at $_____) by the Trustee, secured by a First Mortgage, with regular monthly maintenance payments to be made pursuant to the Note, directly by the Debtor;

5. The holders of secured claims shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the entry of the discharge under Section 1328. Secured claims shall be paid pro rata and concurrently with priority tax and DSO claims if any.

6. The Trustee shall be entitled to reimbursement of fees and costs up to the percentage fee fixed by the Attorney General of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation. The Trustee shall pay the allowed administrative attorney's fees in full following the entry of the court order approving of said fees in full prior to the payment of any other priority, secured or unsecured claim holders.

7. Should claim holder secured by real estate be granted relief from stay, then the balance of any secured claim shall be disallowed and no subsequent payments shall be made by the Trustee.

8. Pre-confirmation Lease and Adequate Protection Payments:

    a. Pre-confirmation payments on leases of personal property governed by 11 U.S.C. 1326(a)(1)(B) shall be made directly by the debtor to the lessor if the plan provides for the debtor to assume the lease. However, such payments shall not reduce the amount of the payments to be made to the trustee as proposed in the plan, since the plan must provide for all lease payments that come due post-petition to be paid direct by the debtor to the lessor, not through the trustee, and such payments should be shown as an expense on Schedule J. If the plan provides that the lease is to be rejected or does not provide any treatment of the lease, no payments shall be made to the lessor unless otherwise ordered by the court.

    b. Pre-confirmation adequate protection payments governed by 11 U.S.C. 132(a)(1)(C) shall be made directly by the debtor to the secured creditor only if the plan provides for the debtor to retain the collateral and to pay the claim

outside of the plan, not through the trustee, in which case the amount and due date of each adequate protection payment shall be as provided for in the contract between the parties. If the plan provides for the payment of the secured claim by the trustee, the debtor shall pay the trustee the full payment required by the plan and the trustee shall make the monthly pre-confirmation payments to the secured creditor in the amount that the creditor would receive if the plan (or any amended plan) was confirmed as filed, to the extent of available funds. All adequate protection payments shall be credited against the allowed secured claim.

9. Property to be surrendered to secured creditor:

    a. **None.**

10. Unsecured claims: After the above claims have been paid in full, holders of unsecured claims are to be paid pro rata. If the plan, in fact provides for less than 100% payment to unsecured claimholders, those whose pro rata claim is to be less than $15.00, then said claim shall be paid 0%.

11. Executory Contracts and Unexpired Leases: The following are to be either assumed or rejected:

    a. **None**.

12. Lien Avoidance: Any lien which may be avoided pursuant to 11 USC 522(f) shall be avoided to the benefit of debtor(s), to the extent permitted by Iowa Law. The holders of all other secured claims shall retain the lien securing such claims until the full amount for which the claim is allowed is paid, or until the date of discharge under section 1328, 11USC 1325(a)(5)(B)(i).

13. Vesting of Title: Title to the property of the estate shall vest in the debtor(s) upon confirmation of the plan pursuant to 11 USC, Section 1327(b).

14. Claim of Exemptions: Debtor(s) claims of exempt property and valuations thereof filed pursuant to the Illinois Compiled Statutes, Chapter 110 Section 12-901 et seq. and Chapter 110, Section 12-1001, shall be allowed in the amounts listed on Schedule C.

15. Post Petition Claims: Pursuant to 11 USC Sec. 1322(b)(6) the Debtor(s) will pay 100% of all post-petition claims allowed under 11 USC Sec. 1305 as part of the confirmed plan when and if such claims arise.

16. Late filed Claims: All late filed unsecured claims shall be separately classified and will be paid 0%.

17. Allowance of Claims: All timely filed claims shall be allowed as to the amount and classification unless objected to by the debtor.

## Summary of Debts to be Paid

(This summary is an estimate only and shall not be considered part of the plan)

Administrative Priority

|  |  |
|---|---|
| Trustee's Fee | $645.00 |
| Attorney Fee   (est.) | $2000.00 |
| Priority: | $821.00 |
| Secured 1325(a)(9) Claims: | $7107.00 |
| Secured 506(a) Claims | $ |
| General Unsecured: | $_____ |
| TOTAL TO BE PAID: | $9,834.00 |

Debtor: /s/Andre Davis

Dated:  9/18/15

                                          /s/Michael A. Williams
                                          Michael A. Williams,
                                          Attorney for the Debtors

The Law Offices of
Williams & Associates, P.C.
423 17th Street, Ste 202
Rock Island, Illinois 61201
Phone: (309) 788-3799
Fax: (309) 788-3855
mwilliams@qcbankruptcy.com